Rhonda D. SLATER, Plaintiff–
Appellant,

v.

Anthony C. CRACCHIOLA,
CWA 1032, Defendants,

Port Authority of New York and
New Jersey, Thomas J. Kelly,
Defendants–Appellees.

Docket No. 03–7303.

United States Court of Appeals,
Second Circuit.

Aug. 12, 2004.

Rhonda D. Slater, Brooklyn, NY, for
Appellant, pro se.

Anne M. Tannenbaum, Port Authority
Law Department, New York, N.Y. (Milton
H. Pachter, Carlene V. McIntyre, and Me-
gan Lee, of counsel), for Appellees.

PRESENT: JACOBS, B.D. PARKER,
and HALL, Circuit Judges.

*SUMMARY ORDER*

Rhonda D. Slater appeals from a judg-
ment entered following a jury trial in the
United States District Court for the East-
ern District of New York (Wolle, *J.*), dis-

missing her employment discrimination claims under Title VII. Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

Slater raises two challenges on appeal, both of which we reject on the merits:

■ 1. "The formulation of special verdict questions rests in the sound discretion of the trial judge, and should be reviewed by an appellate court only for an abuse of that discretion." *Vichare v. AMBAC Inc.*, 106 F.3d 457, 465 (2d Cir.1996). The third special verdict question involved no such abuse because it did not "mislead or confuse the jury" and did not "inaccurately frame the issues to be resolved by the jury." *Id.; see* 42 U.S.C. § 2000e–3(a) ("It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [the employee] has opposed any practice made an unlawful employment practice by this subchapter. . . .").

■ 2. The district court's *Allen* charge was not "coercive" because it did not "encourage[ ] jurors to abandon, without any principled reason, conscientiously held doubts." *Vichare*, 106 F.3d at 465. Likewise, the manner in which the judge polled the jury did not unduly pressure the jury and therefore was proper. *See Lowenfield v. Phelps*, 484 U.S. 231, 239–40, 108 S.Ct. 546, 98 L.Ed.2d 568 (1988).

Because we reject these claims as meritless, it is unnecessary to determine whether Slater preserved these claims below or whether she relied improperly on a post-hoc affidavit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.